UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA VITORIA OLIVEIRA DA SILVA,<br><br>Plaintiff,<br><br>v.<br><br>DSW SHOE WAREHOUSE, INC.,<br><br>Defendant. | Case No. 25-cv-02950-JST<br><br>**ORDER ON DEFENDANT'S MOTION TO COMPEL ARBITRATION, STRIKE CLASS ALLEGATIONS, AND STAY ACTION**<br><br>Re: ECF No. 14 |

Before the Court is Defendant DSW Shoe Warehouse, Inc's ("DSW's") motion to compel arbitration, strike class claims, and stay this action. ECF No. 14. The Court will grant the motion.

## I.   BACKGROUND

DSW is a nationwide retail store operating locations in 44 states and the District of Columbia. ECF No. 30 ¶ 3. DSW ships shoes and other products to its California retail locations from logistics centers located outside of the state. *Id.* at ¶ 4. DSW hired Maria Vitoria Oliverira Da Silva ("Vitoria") as an associate at a California retail location in April 2023. ECF No. 14-1 ¶¶ 4, 5, 9. As part of her on-boarding process, DSW sent Vitoria 20 documents to review and sign. One document was an agreement to arbitrate claims (the "Agreement"), which included a right to opt out within 30 days. ECF No. 14-2 at 20–24. She completed the paperwork on April 21, 2023 in advance of her first day on April 23 and did not opt out of the arbitration agreement. ECF No. 14-2; ECF No. 14-3 ¶ 3. In addition to compelling her personal employment-related claims to arbitration, the contract waives Vitoria and DSW's ability "(1) to utilize class or collective action procedures in asserting a Claim under the Agreement; and (2) to utilize representative action procedures on behalf of other individuals – e.g., representing other current and former employees under the California Private Attorneys General Act – in asserting a Claim

1  under the Agreement (the "Class Action Waiver")." *Id.* at 21–22.

2  Vitoria filed the present case as a putative class action, alleging DSW failed to pay

3  minimum wages, overtime wages, and sick page wages, and did not provide required meal and rest

4  periods. ECF No. 1-1 ¶¶ 4, 8–22. The putative class includes all individuals who are or were

5  DSW employees in California in the four years preceding the complaint. ECF No. 1-1 ¶ 4. DSW

6  removed the case to federal court, and now moves to compel arbitration, strike the class claims,

7  and stay the case. ECF Nos. 1, 14.

## II.     JURISDICTION

The Court has jurisdiction over this action under 28 U.S.C. § 1332(d). *See* ECF No. 28.

## III.    LEGAL STANDARD

The Federal Arbitration Act ("FAA") applies to written contracts "evidencing a transaction involving commerce." 9 U.S.C. § 2. Under the FAA, arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *Id*. This provision reflects "both a liberal federal policy favoring arbitration, and the fundamental principle that arbitration is a matter of contract." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (quotation marks and citations omitted).

On a motion to compel arbitration under the FAA, the Court's role is "limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). In making this determination, "courts rely on the summary judgment standard of Rule 56 of the Federal Rules of Civil Procedure." *Hansen v. LMB Mortg. Servs., Inc.*, 1 F.4th 667, 670 (9th Cir. 2021). "Courts may consider evidence outside of the pleadings, such as declarations and other documents filed with the court." *Burger v. Northrop Grumman Sys. Corp.*, No. 21-cv-06761, 2021 WL 8322270, at *4 (C.D. Cal. Oct. 27, 2021). Under Rule 56, "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

If the court is "satisfied that the making of the agreement for arbitration or the failure to

United States District Court
Northern District of California

comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. Where the claims alleged in a complaint are subject to arbitration, the Court must stay the action pending arbitration. 9 U.S.C. § 3.

## IV.  DISCUSSION

DSW moves to compel arbitration based on its Agreement with Vitoria. DSW further moves to strike Vitoria's class claims, because the Agreement precludes class adjudication, and to stay these proceedings pending arbitration of the claims.[1]

### A.  DSW's Motion to Compel Arbitration

Vitoria opposes DSW's motion to compel on two grounds: (1) the FAA does not govern her contract with DSW because her job position did not affect interstate commerce, and (2) the Agreement is procedurally and substantively unconscionable.

The Court first addresses Vitoria's argument argues that DSW has failed to show that her employment affected interstate commerce. ECF No. 17 at 10 (citing *Ayala v. Teledyne Def. Elecs.*, 533 F. Supp. 3d 920, 926 (C.D. Cal. 2021). The FAA applies to any "contract evidencing a transaction involving commerce" that contains an arbitration provision. 9 U.S.C. § 2. In other words, "[t]he FAA applies to any contract affecting interstate commerce." *Yahoo! Inc. v. Iversen*, 836 F. Supp. 2d 1007, 1009 (N.D. Cal. 2011). DSW filed a declaration stating that DSW is a nationwide retail store, operating in 44 states and the District of Columbia. ECF No. 30 ¶ 3. Its declarant testified that 100% of the shoes and products sold at DSW's California retail locations are shipped to those stores from other states. ECF No. 30 ¶ 4. Plaintiff does not contest these facts. The Court finds that Vitoria and the putative class members sell products that are in the flow of interstate commerce, which affects interstate commerce. *See, e.g., CarMax Auto Superstores California LLC v. Hernandez*, 94 F. Supp. 3d 1078, 1101 (C.D. Cal. 2015) (finding that plaintiff's job duties as an assistant manager affected interstate commerce where defendant

---

[1] Plaintiffs contend that Defendants filed "a series of unredacted documents containing [Vitoria's] personal, private information, including her social security number and bank information. ECF No. 17 at 3. DSW redacted that material, as Exhibit 1 reflects. *See* ECF No. 14-2. Plaintiffs' counsel is admonished to take greater care before lodging such accusations in signed pleadings.

1    operated stores in 36 states and moved inventory between states as required). DSW also argues
2    that the Agreement is explicitly "governed by and enforceable under the FAA." ECF No. 14-2 at
3    23. Where parties have elected for the FAA to govern, their choice of law decision prevails. *See*
4    *Davis v. Shiekh Shoes, LLC*, 84 Cal. App. 5th 956, 963 (1st Dist. 2022). The Agreement is
5    enforceable under the FAA.

6    Vitoria next argues that her contract with DSW was unconscionable and therefore
7    unenforceable. 9 U.S.C. § 2. "Under California law, 'unconscionability has both a "procedural"
8    and a "substantive" element, the former focusing on 'oppression' or 'surprise' due to unequal
9    bargaining power, the latter on 'overly harsh' or 'one-sided' results." *Mohamed v. Uber Techs.,*
10   *Inc.*, 848 F.3d 1201, 1210 (9th Cir. 2016) (quoting *Armendariz v. Foundation Health Psychcare*
11   *Servs., Inc.*, 24 Cal. 4th 83, 114 (2000) (internal quotation omitted)). "Both procedural and
12   substantive unconscionability must be shown for the defense to be established, but they need not
13   be present in the same degree." *Ronderos v. USF Reddaway, Inc.*, 114 F.4th 1080, 1089 (9th Cir.
14   2024) (citation and quotation omitted). "[U]nconscionability requires a substantial degree of
15   unfairness beyond 'a simple old-fashioned bad bargain.'" *Baltazar v. Forever 21, Inc.*, 62 Cal. 4th
16   1237, 1245 (2016) (quoting *Sonic-Calabasas A, Inc. v. Moreno*, 57 Cal. 4th 1109, 1145 (2013)).
17   "Rather, unconscionable contracts are those that are 'so one-sided as to shock the conscience.'"
18   *Mohamed*, 848 F.3d at 1210 (quoting *Baltazar*, 62 Cal. 4th at 1245).

19   Vitoria argues that the Agreement is procedurally unconscionable because it was a contract
20   of adhesion. "An adhesive contract is standardized, generally on a preprinted form, and offered by
21   the party with superior bargaining power 'on a take-it-or-leave-it basis.'" *OTO, L.L.C. v. Kho*, 8
22   Cal. 5th 111, 121 (2019). "Ordinary contracts of adhesion, although they are indispensable facts
23   of modern life that are generally enforced, contain a degree of procedural unconscionability even
24   without any notable surprises, and bear within them the clear danger of oppression and
25   overreaching." *Baltazar*, 62 Cal. 4th at 1244 (citation and quotation omitted). Contracts of
26   adhesion in the employment context draw particular concern since "few employees are in a
27   position to refuse a job because of an arbitration agreement." *Armendariz v. Foundation Health*
28   *Psychcare Servs., Inc.*, 24 Cal. 4th 83, 115 (2000).

In support of this argument, Vitoria claims DSW "pressured [her] into signing the Agreement promptly" and did not give her a meaningful opportunity to opt out; that she "felt pressured to sign the Arbitration Agreement" because she was financially reliant upon the job; and that she could not begin working until she signed the Agreement. ECF No. 17-1. ¶ 6. Based on this written testimony, Vitoria argues that

> despite alleging an opportunity to 'opt-out,' in reality, Plaintiff was required to sign it before she was able to begin work. That, coupled with Plaintiff's lack of sophistication . . . did not provide Plaintiff a meaningful opportunity to opt-out.

ECF No. 17 at 15 (citations omitted). In fact, the Agreement Vitoria signed did not bind her irrevocably to arbitrate any employment disputes. Instead, it provided that Vitoria had 30 days from receiving the Agreement to opt out of the arbitration provision by mailing or emailing an opt-out request to DSW. ECF No. 14-2 at 23.

Although the there is "is a degree of procedural unconscionability" in contracts of adhesion, *Lag Shot LLC v. Facebook, Inc.* 545 F. Supp. 3d 770, 779 (N.D. Cal. 2021) (quoting *Sanchez v. Valencia Holding Co., LLC*, 61 Cal. 4th 899, 915(2015)), "an arbitration agreement is not adhesive if there is an opportunity to opt out of it." *Id.* (quoting *Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201, 1211 (9th Cir. 2016)). The Ninth Circuit has held that an arbitration agreement was not adhesive and therefore not procedurally unconscionable where the agreement allows individuals to "opt out of arbitration by delivery notice of their intent to opt out . . . within 30 days either in person or by overnight delivery service," *Mohamed*, 848 F.3d at 1206, 1210; and this Court reached the same holding with respect to an arbitration agreement that allowed individuals to opt out "by mail within a 30-day period." *Lag Shot*, 545 F. Supp. 3d at 779; *see also Kaplan v. Athletic Media Co.*, 705 F. Supp. 3d 992, 1005 (N.D. Cal. 2023) (reaching the same result). Accordingly, the arbitration agreement at issue is not procedurally unconscionable. And "because both procedural and substantive unconscionability must be present for an agreement to be unenforceable," the Court "need not reach the question whether the agreement[ ] here w[as] substantively unconscionable." *Mohamed*, 848 F.3d at 1211.

**B.     PAGA Waiver**

Vitoria also complains that the Agreement's contains a waiver of claims under the California Private Attorney General Act ("PAGA"). The waiver provides as follows:

> To the maximum extent permitted by applicable law, applying the FAA, DBI and I each waive our rights (1) to utilize class or collective action procedures in asserting a Claim under the Agreement; and (2) to utilize representative action procedures on behalf of other individuals – e.g., representing other current and former employees under the California Private Attorneys General Act – in asserting a Claim under the Agreement (the "Class Action Waiver").

ECF No. 14-2 at 22.

An agreement to arbitrate a plaintiff's individual PAGA claim must be enforced if the agreement is covered by the FAA. *Adolph v. Uber Techs., Inc.*, 14 Cal. 5th 1104, 1119 (2023). Representative PAGA claims, however, cannot be compelled to arbitration. *Diaz v. Macys W. Stores, Inc.*, 101 F.4th 697, 705–06 (9th Cir. 2024). Thus, that portion of the Agreement is unenforceable on its face.

DSW argues that the provision is enforceable because the Agreement applies only "to the maximum extent permitted by applicable law" and by its terms "does not apply to . . . any claim not subject to mandatory arbitration, applying the FAA to determine whether the claims is arbitrable[.]" ECF No. 29 at 14. It further argues that the waiver only encompasses "claims under the Agreement," and Vitoria's claims do not fall into that category.

These arguments are not persuasive. None of the limiting language DSW cites appears in the waiver itself, and the Agreement defines "Claims" to include "all past, present, and future claims, disputes, and controversies *of any nature in any way* arising out of, relating to, or associated with my employment with DBI for which a court or governmental agency is authorized by law to grant relief." ECF No. 14-2 at 20 (emphasis added). This language is more than broad enough to encompass Vitoria's PAGA claims.

The Court finds that the waiver of Vitoria's ability to bring a representative PAGA action is unenforceable as against public policy. The Court exercises its authority to sever that provision of the Agreement.

6

### C. DSW's Motion to Strike Class Claims

DSW moves to strike Vitoria's class claims. Class action waivers contained in arbitration agreements are enforceable because the FAA requires that arbitration agreements be enforced according to their terms. *Uber Techs., Inc. v. United States Jud. Panel on Multidistrict Litig.*, 131 F.4th 661, 673 n.6 (9th Cir. 2025) (citing *Am. Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228, 233–35 (2013)). Vitoria offers no argument against the class action waiver *per se*, arguing instead that the entire Agreement is "is riddled with procedural and substantive unconscionability" such that none of its provisions can be enforced. Because the Court finds the Agreement is not unconscionable, it also grants the motion to strike Vitoria's class claims.

### D. DSW's Motion to Stay Pending Arbitration

DSW moves to stay this case pending the completion of arbitration with Vitoria. Plaintiff opposes this motion only on the grounds that the entire arbitration agreement should not be enforced. Having compelled arbitration under the Agreement, the Court is required to stay this case upon the application of a party. 9 U.S.C. § 3. DSW's motion to stay is granted.

## CONCLUSION

DSW's motion to compel arbitration, motion to strike class allegations, and stay these proceedings is granted. The Court invalidates and severs the waiver pertaining to Plaintiff's representative PAGA claims.

Within seven days of the resolution of the parties' arbitration, they shall file a statement requesting the setting of a case management conference.

**IT IS SO ORDERED.**

Dated: November 14, 2025



_____
JON S. TIGAR
United States District Judge

7